IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JOSEPH YAMRUS, | : | |
| | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO.   08-2842 |
| | : | |
| TOWNSHIP OF WASHINGTON, | : | |
| DANIEL C. COTTURO, JR., in his | : | |
| individual capacity, and POLICE | : | |
| OFFICER SCOTT E. MILLER, in | : | |
| his individual capacity, | : | |
| | : | |
| Defendants | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                                          **May 20th, 2009**

**I. INTRODUCTION**

Defendants in this § 1983 case filed a motion for reconsideration of my order denying their motion to dismiss. Attached to the motion is an affidavit attested by defendants Cotturo and Miller showing that Yamrus faces no threat of prosecution. Because Yamrus' claim for money damages remains, the case will not be dismissed.

**II. BACKGROUND**[1]

Joseph Yamrus flies an American flag upside-down flag in his front yard. On June

---

[1] The background facts come from Yamrus' complaint.

1

11, 2007, Washington Township police officer Scott Miller told Yamrus to remove the flag or fly it right-side-up.  When Yamrus refused to remove the flag, Miller cited him for violating the Pennsylvania statute that prohibits insulting the flag.[2]  The criminal charges were dismissed, but Yamrus filed this lawsuit requesting declaratory relief and damages.  Yamrus alleges that the defendants violated his constitutional rights.[3]

    Yamrus alleges that defendants violated both his federal and state constitutional rights.  The complaint states that Yamrus flies an upside-down flag at his Washington Township home as "a political statement. . . specifically directed at conduct by certain members of Congress."  Compl. ¶ 11 (Document #1).  After a civilian complained to township police about Yamrus's flag display, defendant Miller photographed the flag at Yamrus' home, left a phone message for Yamrus demanding that he remove the flag or fly it upright, and charged him with violating the flag statute on June 21, 2007.  Compl.¶ 11-24 (Document #1). A few weeks later, on July 12, 2007, the charge was dropped.  Compl. ¶ 27.

    Defendants moved to dismiss this case but their motion was denied because there was no sworn assurance in the pleadings that the flag statute will not be enforced against

---

[2] Specifically, 18 Pa.C.S.A. § 2103 provides, "A person is guilty of a misdemeanor of the second degree if he maliciously takes down, defiles, injures, removes or in any manner damages, insults, or destroys any American flag or the flag of the Commonwealth which is displayed anywhere."

[3] Specifically, Yamrus alleges that the First and Fourteenth Amendments of the U.S. constitution, as well as Art. I, §§ 1 and 7 of the Pennsylvania constitution were violated.

Yamrus. Defendants have now attached to their motion for reconsideration (Document #14) a sworn assurance from officer Miller and police chief Cotturo that Yamrus will not be prosecuted for his flag display. See Mot. for Reconsideration, Exhibit C.

**III. DISCUSSION**

    **A. Legal Standard**

A party seeking reconsideration must do so on one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion. . . ;or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

The defendants present new evidence in the form of a sworn affidavit from defendants Miller and Cotturo. The affidavit, now part of the record in this case, may be considered in determining whether the complaint should be dismissed. The statement of defendants' counsel at the Rule 16 conference regarding his clients' intent never to prosecute Yamrus under the flag statute, therefore even if it was - as plaintiff argues - "available" to the court, under Third Circuit precedent, it could not be considered in deciding the motion to dismiss.

    **B. Sworn Assurance From Defendants Moots Controversy**

There need not be an actual prosecution for Yamrus to have a ripe controversy. For pleading purposes, it was sufficient that Yamrus alleged that a statute exists, that

3

defendants have the power and intent to enforce it and that he wishes to express his political ideas in a way he believes constitutionally protected.  In the memorandum denying the motion to dismiss, I quoted Presbytery of New Jersey of the Orthodox Presbyterian Church v. Florio, et al., 40 F.3d 1454, 1467 (3d Cir. 1994), in which defendants argued that "the case is not ripe absent an actual prosecution."  The Third Circuit stated, "That is not the law."

Until the motion for reconsideration was filed, defendants did not disclaim intent to prosecute or waive enforcement of the statute against Yamrus.  They had supplied only the district attorney's position ("he has made it clear his belief is that he would not pursue such charges against the Plaintiff." Brief in Support of Defendants' Motion to Dismiss, Document #7, page 10).  For that reason, I determined Yamrus sufficiently alleged that the probability of his future prosecution or chilling of his expressive activity is real and substantial and "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Armstrong World Industries, Inc. by Wolfson v. Adams, 961 F.2d 405, 412 (3d Cir. 1992) (citing Salvation Army v. Department of Community Affairs, 919 F.2d 183, 192 (3d Cir. 1990); Pacific Gas & Elec. Co. v. State Energy Resources Conservation & Development Commission, 461 U.S. 190, 201 (1983)).

Now that there is a sworn assurance in the record in this case, the facts here are hardly distinguishable from two Tenth Circuit cases in which the district courts' decisions to dismiss were affirmed.  Winsness v. Yocum, 433 F.3d 727, 731 (10th Cir. 2006)

(holding that district court was correct in concluding plaintiff had no standing where district attorney filed an affidavit stating that he had no intention of prosecuting plaintiff or anyone else "[u]nless and until the constitutional doubts about the Utah statute are eliminated through a constitutional amendment or a new decision of the United States Supreme Court"); Mink v. Suthers, 482 F.3d 1244, 1254 (10th Cir. 2007) (plaintiff faced no credible threat of prosecution where "the district attorney's office concluded it could not prosecute the case and issued a "No File" decision").  With the police officers' affidavit on record in this case, the only thing rendering Yamrus' controversy ripe is his allegation of monetary damage in defending himself against the criminal charges.

Yamrus suggests that the affidavit is incomplete because it does not state that the statute is unconstitutional.  An admission that the statute is unconstitutional is unnecessary and of questionable relevance.  Mr. Yamrus is concerned about the actions of future administrations not bound by the representations of the current district attorney or the sworn assurance of these officers.  Yamrus, however, has *more* than the average Pennsylvanian: a sworn assurance from his township's police chief that he will not be prosecuted for his flag display.  If and when an actual controversy arises between Yamrus and law enforcement about his flag display, nothing prohibits him from seeking relief in the courts.

### C. Yamrus' Monetary Damage

Yamrus seeks monetary damages in addition to declaratory relief for injuries that

he alleges have already occurred. In other words, he pleaded that there exists a completed harm; that harm consists of legal costs and expenses as a result of hiring an attorney to defend the charge of violating the flag statute. While defendants' motion to dismiss disputes these facts, such factual disputes are matters for juries to decide. The Third Circuit has held that justiciability challenges are survived where damages are sought. Yamrus has stated a claim for money damages which permits him to survive a motion to dismiss. See Policastro v. Kontogiannis, 262 Fed. Appx. 429, 434 n. 5 (3d Cir. 2008) (citing Boag v. MacDougall, 454 U.S. 364 (1982); Donovan v. Punxsutawney Area Sch. Bd., 336 F.3d 211, 218 (3d Cir. 2003); Jersey Cent. Power & Light Co. v. New Jersey, 772 F.2d 35, 41 (3d Cir. 1985)).

Yamrus alleges that he was required to hire an attorney to represent him at the preliminary hearing scheduled for July 11, 2007; that the attorney requested a continuance until August 9, 2007; that the District Attorney's office in Northhampton County advised the presiding judge on July 12, 2007 that it would not prosecute Yamrus and subsequently withdrew the charges. Complaint ¶¶ 26, 27. Yamrus does not allege his criminal attorney ever did more than request a continuance. Id. However, his allegation of monetary loss is sufficient to permit this case to survive a motion to dismiss.[4]

---

[4] As explained above, the affidavit attached to the motion for reconsideration does change the legal posture of this case; the claim of monetary loss is the only allegation keeping the case viable. If, during discovery, it appears that the plaintiff has no real damages, the defendants may seek summary judgment or other appropriate relief.

**IV. CONCLUSION**

Yamrus pleaded monetary damage therefore, even though the defendants' sworn affidavit is now part of the record, defendants' motion for reconsideration will be denied. This case will proceed at least until it can be determined what - if any - monetary damage Yamrus suffered in defending against the criminal charge.

An appropriate order follows.